**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MILES, et al. | No. C-15-1799 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTION TO DISMISS; AFFORDING** |
| CITY OF OAKLAND, et al. | **PLAINTIFFS LEAVE TO AMEND** |
| Defendants. | |

Before the Court is the "Motion to Dismiss Plaintiffs' Second Amended Complaint ["SAC"]," filed September 11, 2015, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, by defendants Brian Anthony, Bob Sanchez, and Chris Albert's (collectively, "moving defendants"). On September 26, 2015, plaintiffs Monique Miles, Romelle Brown, Ajani Brown, Jordan Brown, Jayden Brown, Chelsea Miles, Pamela Miles, and Erin Miles (collectively, "plaintiffs") filed an Opposition thereto, and, on September 28, 2015, a Corrected Opposition, to which the moving defendants have replied.  The Court, having read and considered the papers filed in support of and in opposition to the motion,[1] deems

---

[1]As the moving defendants point out, neither such opposition was timely filed. See Civil L.R. 7-3(a) (providing "opposition must be filed and served not more than 14 dyas after the motion was filed").  Although plaintiff has offered no explanation for the delay, the moving defendants have not identified any resulting prejudice, and indeed, filed a reply thoroughly addressing plaintiffs' arguments.  Under such circumstances, the Court has

the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for October 16, 2015, and rules as follows.

    1. Contrary to the moving defendants' argument, the Court finds plaintiffs' claims against said defendants are not time-barred.  There is no dispute that the applicable statue of limitations is two years, see Wallace v. Kato, 549 U.S. 384, 387 (2007); Cal. Code Civ. Proc. § 335.1, or that plaintiff's original complaint was filed within that period.  The Court finds plaintiffs' amendment to name Brian Anthony, Bob Sanchez, and Chris Albert as the "officers of the San Leandro Police Department" previously identified in the initial complaint as "unknown" (see Pl.'s Compl. ¶ 6) meets the applicable standard for relation back to the date of the original complaint. See Cal. Code Civ. Proc. § 474; Butler v. Nat'l Community Renaissance of California, 766 F.3d 1191, 1201 (9th Cir. 2014) (holding "Rule 15(c)(1) [of the Federal Rules of Civil Procedure] incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient" than the federal law; noting "[u]nder California relation back rules, there is no notice-to-defendants requirement as in the federal rule").

    Accordingly, the moving defendants are not entitled to dismissal on timeliness grounds.

    2. Contrary to the moving defendants' argument, the Court finds plaintiffs have alleged sufficient facts to plead a violation of plaintiffs' rights under the Fourth Amendment. For the reasons set forth by the moving defendants, however, the Court finds plaintiffs have failed to plead sufficient facts to allege each such defendants' participation in the events underlying plaintiffs' claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief").

    Accordingly, plaintiffs' claims against the moving defendants are hereby DISMISSED with leave to amend to plead, as to each such defendant, the particular acts alleged to

---

considered the Corrected Opposition.

2

1  have been committed.  Plaintiffs' Third Amended Complaint shall be filed on or before
2  October 28, 2015.
3      **IT IS SO ORDERED.**
4  Dated:  October 14, 2015

_____
MAXINE M. CHESNEY
United States District Judge