DENNIS CUNNINGHAM, State Bar #112910
BEN ROSENFELD, State Bar # 203845
LAW OFFICE OF DENNIS CUNNINGHAM
115 ½ Bartlett Street
San Francisco, CA 94110
Tel:    (415) 285-8091
Fax:    (415) 285-8091
denniscunninghamlaw@gmail.com
ben.rosenfeld@comcast.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MILES, *et al.*, | Case No. 15-cv-01799-MMC |
| Plaintiff, | [PROPOSED] ORDER GRANTING PLAINTIFF MONIQUE MILES' APPLICATION FOR APPROVAL OF MINORS' COMPROMISE; SETTING STATUS CONFERENCE |
| v. | |
| CITY OF OAKLAND, *et al.*, | |
| Defendants. | |

Plaintiffs allege deprivations of federal civil rights under 42 U.S.C. § 1983 for illegal search an seizure based on the warrantless removal of eight family members (four adults and four minor children) from their apartment by police, also involving the detention of plaintiffs on the street and entry into their apartment, during the execution of a search warrant on the apartment below them.  Defendants deny liability and dispute plaintiffs' factual allegations.

The parties have notified the Court that they have reached a pending settlement.  On March 26, 2016, plaintiffs moved for approval of the settlement in so far as it compromises the claims of the four minor plaintiffs: Romelle Brown, Ajani Brown, Jordan Brown, and Jayden Brown.  (Dkt. #62.)  Each set of defendants filed statements of non-opposition to plaintiffs' motion.  (Dkt #s 64 and 65.)

1

1    Because the settlement negotiated by the parties compromises the claims of four minors,

2    the Court has "a special duty, derived from Federal Rule of Civil Procedure 17(c) … [to] conduct

3    its own inquiry to determine whether the settlement serves the best interests of the minor[s]."

4    *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (internal quotations and citations

5    omitted).  The Court "should look to whether the net amount distributed to each minor plaintiff

6    in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific

7    claim, and recovery in similar cases." *Id*. at 1181-82 (internal quotations and citations omitted).

8    "The court should evaluate the fairness of each minor plaintiff's net recovery without regard to

9    the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs'

10   counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1181-82

11   (internal quotations and citations omitted).

12    The parties have negotiated a $47,000 settlement ($25,000 to be paid to plaintiffs by the

13   City of San Leandro, the draft to be made out to Attorney Ben Rosenfeld in Trust, and $22,000

14   to be paid to plaintiffs by the City of Oakland).  Plaintiffs and their counsel request that the Court

15   approve payment to each minor of an equal share of the settlement proceeds remaining after the

16   attorneys take their one third contingent fee and reimburse themselves for litigation costs out of

17   the settlement proceeds, leaving approximately $3,900 to each of the eight plaintiffs in equal

18   shares, adults and minors alike.

19    The Court held a hearing and conducted its own inquiry on plaintiffs' motion on April 22,

20   2016.  Based on plaintiffs' papers and the presentations by counsel for all of the parties at the

21   hearing, the Court finds that the amount to be distributed to each minor plaintiff is fair and

22   reasonable in light of the facts of this case and each of the minor's specific claims.  The material

23   facts of the case are disputed such that liability is uncertain.  In addition, any damages to which

24   plaintiffs may have been entitled are uncertain and difficult to calculate, not least because
         and the extent of their alleged emotional injuries is difficult to determine.
25   plaintiffs do not allege any physical injuries, ~~nor any emotional injuries beyond the garden~~

26   ~~variety.~~  According to plaintiffs' counsel, plaintiffs elected to settle the case prior to incurring

27   substantial litigation costs – such as for depositions, experts, investigators, and transcripts –

28   which could have eroded any damages they might have recovered.  The Court finds that this was

2

1  a reasonable strategic decision in the circumstances.  Lastly, the Court finds that an equal split of

2  the settlement proceeds among the eight plaintiffs fairly and reasonably reflects the fact that each

3  plaintiff brought a single claim identical to each other plaintiff.  (See Third Amended Complaint,

4  Dkt. No. 45.)

5          The Court also recognizes a duty to make sure that due care will be given to depositing

6  and safeguarding the settlement proceeds in a manner which benefits the minors.  Plaintiffs have

7  requested approval of their plan to deposit seventeen year old Romelle Brown's settlement

8  proceeds in a blocked account until he turns eighteen, and to establish and fund IRS Section 529

9  college savings plans on behalf of the three younger minor plaintiffs, Ajani Brown (age 11),

10  Jordan Brown (age7), and Jayden Brown (age 5), under the IRS rules and bank policies

11  pertaining to such accounts.  The Court finds that this plan is fair and reasonable in the

12  circumstances of this case for the reasons presented by plaintiffs' counsel in plaintiffs' moving

13  papers and at the hearing on April 22, 2016.

14          The Court hereby directs counsel for plaintiffs to certify in writing to the Court that the

15  settlement proceeds accruing to the minor children in this case have been deposited in

16  accordance with this Order, including by obtaining and attaching available records of the

17  formation of the accounts and receipts of deposit of the settlement sums, within four weeks of

18  such occurrence.

19          A Status Conference with respect to the deposit of the minors' settlement

20  proceeds is hereby set for June 24, 2016, at 10:30 a.m.  No appearance is necessary,

     and the Status Conference will stand vacated without further order of the Court, if the

21  above-referenced certification is filed on or before June 17, 2016.  If a certification has

22  not been filed on or before June 17, 2016, counsel for plaintiffs shall file, no later than

     June 17, 2016, a Status Conference Statement, indicating therein the reason(s) why the

23  certification has not been filed.

24

25          IT IS SO ORDERED.

26

27  Dated:  May 2, 2016

28                                                    MAXINE M. CHESNEY
                                                      UNITED STATES DISTRICT JUDGE

                                                      3